Opinion issued July 28, 2005

     








In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00591-CR




TRACY JAMES ROBINSON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 344th District Court
Chambers County, Texas
Trial Court Cause No. 12744



 
O P I N I O N

          A jury convicted appellant, Tracy James Robinson, of unlawful possession of
cocaine weighing 400 grams or more with the intent to deliver.


 After making an
affirmative finding that appellant used a firearm during the commission of the
offense, the jury sentenced appellant to 20 years’ confinement and a fine of $50,000. 
In six points of error, appellant argues that the evidence is legally and factually
insufficient to establish (1) that he knowingly and intentionally possessed the cocaine
with the intent to deliver and (2) that he used a firearm in the commission of the
offense. In his seventh point of error, appellant argues that the trial court erred in
refusing to charge the jury on the lesser included offense of possession of cocaine.
We affirm.
Facts On January 17, 2003, appellant and Jontue Raymond Hosey were traveling east
on Interstate 10 just outside of Houston. Hosey was the driver of a four-door Ford
F-150 pick-up truck in which appellant was a front-seat passenger. Around 9:30 a.m.,
Department of Public Safety (DPS) Trooper J. B. Crone pulled over the truck for
following another vehicle too closely and driving above the posted speed limit. 
Hosey could not produce a driver’s license or any other identification. He stated that
he had no driver’s license and was not supposed to be driving—rather, appellant
should have been driving. In response to questioning by Crone, Hosey stated that he
and appellant had been in Houston for four days to see a friend, that they had been
staying at a Super 8 Motel, and that no one else had come to Houston with them. He
first told Crone that the truck belonged to his cousin; then he said that it belonged to
his cousin’s brother; and finally he said that he and the owner were not cousins. 
Hosey appeared nervous and hesitant when answering Crone’s questions. Appellant
answered that they had been in Houston for two days and that they had driven his
cousin to Houston, but he could not tell Crone his cousin’s name. Like Hosey,
appellant carried no identification; he stated that he had lost his wallet. 
          A few minutes into the stop, Crone noticed the smell of burnt marijuana
emanating from inside the truck. Appellant admitted that marijuana had been smoked
in the truck. Crone also noticed a magazine for a semi-automatic weapon in the
truck’s cupholder in the console and he asked appellant where he could find the
weapon. Appellant reached down to the floorboard, and Crone grabbed him, telling
him to back off for everyone’s safety. Crone took appellant out of the vehicle and
handcuffed him. Crone found a loaded semi-automatic handgun under a shirt on the
floorboard where appellant had reached. At this point, believing he had probable
cause that a crime had occurred or was occurring, Crone began to search the truck. 
          Crone folded down the back seat and discovered two large, vacuum-sealed
packages in a factory compartment built into the back wall and running the width of
the truck. A shirt had been stuffed into the opening to the factory compartment in an
apparent effort to hide the contraband. Crone cut open one package with his knife
and saw a powdery white substance that he believed was cocaine. He arrested both
appellant and Hosey and placed them in the patrol car. While Crone and his partner
were searching the rest of the truck, a recording device inside the patrol car recorded
one of the men saying, “I ain’t worried about nothing. I ain’t done nothing wrong.” 
No cocaine residue or large sum of money was found on appellant’s person, and
appellant was not under the influence of drugs or alcohol at the time of his arrest. 
The registered owner of the truck was K. Dotson of Gulfport, Mississippi.
          At trial, DPS police sergeant J. Calaway testified that, in his opinion, the
amount of cocaine found—two kilos—was too much for personal use and was
possessed with the intent to deliver it to someone else. He also testified that Houston
is a major distribution center for cocaine, that cocaine is usually transported by
vehicle, and that Interstate 10 is a major highway running between Houston and
Mississippi. He further testified that persons who transport large amounts of cocaine
typically have weapons to protect the cocaine.Possession
          In his first two points of error, appellant argues that the evidence presented at
trial was legally and factually insufficient to prove that he intentionally or knowingly
possessed the cocaine.
          Legal Sufficiency
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine whether any rational fact finder could
have found the essential elements of the crime beyond a reasonable doubt. Wesbrook
v. State, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000); King v. State, 29 S.W.3d 556,
562 (Tex. Crim. App. 2000). Although our analysis considers all evidence presented
at trial, we may not re-weigh the evidence and substitute our judgment for that of the
fact finder. King, 29 S.W.3d at 562.
          Appellant was charged as a principal and under the law of parties with
possession of a controlled substance with intent to deliver. To prove the offense of
possession of a controlled substance as a principal actor, the State must show that the
accused (1) exercised actual care, custody, control, or management of the controlled
substance and (2) was conscious of his connection with it and knew what it was. See
Tex. Health & Safety Code Ann. § 481.002(38) (Vernon Supp. 2004–2005), §
481.112(a) (Vernon 2003); Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995). To convict under the law of parties, the State must show that the defendant
acted with the intent to promote or assist the offense by soliciting, encouraging,
directing, aiding, or attempting to aid the other person in the commission of the
offense. Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2004). Thus, to prove
possession of a controlled substance as a party, the State must show (1) that another
person possessed the contraband and (2) that the defendant, with the intent that the
offense be committed, solicited, encouraged, directed, aided, or attempted to aid the
other’s possession. Woods v. State, 998 S.W.2d 633, 636 (Tex. App.—Houston [1st
Dist.] 1999, pet. ref’d). Mere presence in the vicinity of a controlled substance or in
a place where contraband is being used or possessed by others does not, by itself,
support a finding that a person is a party to an offense. Roberson v. State, 80 S.W.3d
730, 735 (Tex. App.—Houston [1st Dist.] 2002, pet ref’d). Knowledge of the
presence of cocaine is a required element for conviction both as a principal and as a
party to the offense. See Tex. Health & Safety Code Ann. § 481.115(1) (Vernon
2004). 
          We first address whether the evidence was legally sufficient to convict
appellant of possession as a principal. The State need not prove exclusive possession
of the contraband for conviction as a principal. Roberson, 80 S.W.3d at 735 (citing
Harvey v. State, 487 S.W.2d 75, 77 (Tex. Crim. App. 1972)). Rather, control over
contraband may be jointly exercised by more than one person. McGoldrick v. State,
682 S.W.2d 573, 578 (Tex. Crim. App. 1985). However, when the accused, like
appellant, is not in exclusive possession of the place where the contraband is found,
we cannot conclude that the accused had knowledge of and control over the
contraband unless the State establishes an “affirmative link” between the accused and
the contraband—i.e., independent facts and circumstances which affirmatively link
the accused to the contraband so as to suggest that the accused had knowledge of the
contraband and exercised control over it.


 Rhyne v. State, 620 S.W.2d 599, 601 (Tex.
Crim. App. 1981); Roberson, 80 S.W.3d at 735. An affirmative link may be
established through either direct or circumstantial evidence. Brown, 911 S.W.2d at
747. 
          The Court of Criminal Appeals has identified several factors that may help to
establish an affirmative link between the accused and the contraband, including
whether: (1) the contraband was in plain view; (2) the contraband was conveniently
accessible to the accused; (3) the accused was the owner of the place where the
contraband was found; (4) the accused was the driver of the automobile in which the
contraband was found; (5) the contraband was found on the side of the car where the
accused was sitting; (6) the place where the contraband was found was enclosed; (7)
the odor of the drug found was present in the vehicle; (8) paraphernalia for use of the
contraband was in view of or found on the accused; (9) conduct by the accused
indicated a consciousness of guilt; (10) the accused had a special connection to the
contraband; (11) occupants of the vehicle gave conflicting statements about relevant
matters; (12) the physical condition of the accused indicated recent consumption of
the contraband found in the vehicle; and (13) affirmative statements by the accused
connect the accused to the contraband.


 Courts have also considered (14) whether
traces of the contraband were found, (15) whether a large sum of money was found
on the accused, and (16) the amount of contraband found. Whitworth v. State, 808
S.W.2d 566, 569 (Tex. App.—Austin 1991, no pet.); Roberson, 80 S.W.3d at 740,
742; Poindexter, 153 S.W.3d at 412. Although several factors relevant to
establishing an affirmative link may have been identified, the number of factors
actually supported by the evidence is not as important as the “logical force” they
collectively create to prove that a crime has been committed. Roberson, 80 S.W.3d
at 735 (quoting Whitworth, 808 S.W.2d at 569).
          Appellant argues that because the evidence did no more than prove that he was
an unwitting passenger in a truck being used to transport cocaine, the State did not
prove that he exercised care, control, and management over the contraband


 or that
he knew that the substance was cocaine; therefore, his conviction as a principal was
improper. Appellant further argues that because the evidence did not prove that he
had knowledge of the cocaine, he could not have been acting with the intent to
promote or assist the offense of possession of another. The State counters that the
evidence presented at trial is legally sufficient to convict appellant either as a
principal or as a party to the offense. It points to several linking factors that establish
an affirmative link, specifically that: (1) the cocaine was conveniently accessible to
appellant; (2) the cocaine was found in an enclosed space; (3) there was a strong odor
of marijuana in the truck; and (4) appellant and the driver of the truck gave
conflicting statements to Crone.
          We must examine each case on its own facts. Hurtado v. State, 881 S.W.2d
738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d). A factor tending to
establish sufficiency in one set of facts may be of little value in another set of facts. 
We will address, therefore, each factor that may help to establish an affirmative link
between appellant and the cocaine.
Convenient Accessibility, Possession, and Control of the Vehicle
          First, the State argues that the cocaine was conveniently accessible to the
accused. Convenient access to the contraband is an accepted factor that may
affirmatively link an accused to contraband found in a vehicle. Deshong v. State, 625
S.W.2d 327, 329 (Tex. Crim. App. 1981); Hawkins v. State, 89 S.W.3d 674, 677
(Tex. App.—Houston [1st Dist.] 2002, pet. ref’d). The term “conveniently
accessible” means that the contraband must be within the close vicinity of the accused
and easily accessible while in the vehicle so as to suggest that the accused had
knowledge of the contraband and exercised control over it. See Rhyne, 620 S.W.2d
at 601; Deshong, 625 S.W.2d at 329.
          When pulled over by Crone, appellant was seated in the front passenger seat. 
The cocaine was discovered in a factory compartment located in the back wall of the
truck, which could be seen and accessed only by folding down the truck’s back seat. 
Hosey admitted to having stayed in a Houston motel with appellant for at least two
days and having driven a borrowed truck, which turned out to be registered to a
Mississippi resident. The compartment in which the drugs were found was unlocked
and unable to be closed completely because a shirt was stuffed in the opening. Hosey
and appellant had the keys to the truck, were alone together in the truck, and Hosey
said that appellant was supposed to be driving. These factors, when taken together,
offer strong support for the conclusion that appellant had control over the truck and
its contents and that the cocaine was within the vicinity of and easily accessible to
appellant. The location of the cocaine, therefore, suggests that appellant had
knowledge of and exercised control over the cocaine and helps to establish an
affirmative link.
Enclosed Space
          The State argues next that because the cocaine was found in an enclosed space,
appellant was affirmatively linked to the cocaine. The finding of contraband within
an enclosed area is a recognized factor in establishing an affirmative link between the
accused and the contraband. Deshong, 625 S.W.2d at 329. Here, the cocaine was
found in a factory compartment located in the wall behind the back seat of the truck
in which appellant was a passenger. The truck and the factory compartment are
enclosed spaces. See Coleman v. State, 113 S.W.3d 496, 501 (Tex. App.—Houston
[1st Dist.] 2003, aff’d, 145 S.W.3d 649 (Tex. Crim. App. 2004) (finding a safe in a
home an enclosed space); Hudson v. State, 128 S.W.3d 367, 374 (Tex.
App.—Texarkana 2004, no pet.) (finding trunk of car an enclosed space). Thus, the
location of the cocaine in an enclosed space helps to establish the requisite
affirmative link between appellant and the cocaine.
Odor of Marijuana
          The State also contends that the odor of marijuana in the truck helps to
establish an affirmative link to the cocaine. The odor of contraband in a vehicle is an
accepted factor which may affirmatively link an accused to seized contraband. 
Hurtado, 881 S.W.2d at 743 n.1. To support its argument, the State relies on
Whitworth v. State. See 808 S.W.2d at 569. Whitworth states that the presence of a
strong odor of marijuana in a vehicle is a factor tending to establish an affirmative
link to marijuana. Id. The court found that the strong odor of marijuana supported
a finding that the evidence was factually sufficient to support a conviction of
marijuana possession. Id. at 570. 
          However, in this case, appellant was charged with possessing cocaine, not
marijuana, with into deliver. Moreover, appellant did not test positive for the use of
cocaine. Therefore, the odor of marijuana does not constitute an affirmative link
between appellant and the cocaine. See id.Conflicting Statements
          The State argues that appellant’s and Hosey’s conflicting statements on
relevant matters support the finding of an affirmative link with the cocaine. Such
conflicting statements may help to establish an affirmative link if the statements
themselves, or the inference raised by their inconsistencies, establish a connection to
the appellant’s knowledge of the presence of the contraband. See Roberson, 80
S.W.3d at 738. 
          In Roberson, appellant, a 44-year-old, was arrested, along with two teen-aged
passengers, for cocaine possession. Id. at 734, 740. No illegal drugs were found on
Roberson’s person, but drugs were found in the car, on the roadside, and on the two
teenagers’ persons. Id. at 734. In response to questioning, Roberson said that they
were returning home to Beaumont from Houston, where Roberson had gone for an
interview with Wal-Mart. Id. at 736. Both passengers also said that they were
returning home to Beaumont from Houston, but one said he had gone to visit his
cousin and the other said he had gone to the mall. Id. In addition, the appellant said
that he thought they had left Beaumont around 1:30 or 2:00, whereas one of the
passengers said 1:00 and the other passenger said 4:00. Id. at 736–37. Although we
acknowledged that conflicting statements about relevant matters among car occupants
may help to establish an affirmative link, we held that, under those facts, the
inconsistent statements did not support an affirmative link: the inconsistent
statements were neither extraordinary attempts by the car’s occupants to distance
themselves from the crime scene nor statements concerning matters relevant to the
elements of the crime. Id. at 738. In other words, the inferences raised by the
inconsistencies did not tend to establish Roberson’s knowledge of the presence of the
drugs. Id.
          The case before us today is more like Duff. Duff, 546 S.W.2d at 288. In Duff,
a police officer stopped the appellant’s car for speeding. Id. at 284. The appellant’s 
passenger told the police officer that he was a hitchhiker who had been picked up
only five minutes prior to the stop by the officer, whereas appellant said that the
passenger had traveled with him from Corpus Christi to Austin. Id. The court
described these differing stories, when coupled with other circumstantial evidence,
as a “circumstance implying guilt.” Id. at 288. The court did not explicitly explain
the implication, but it “probably viewed [the conflicting story] as an attempt by the
[passenger] to separate himself from a potentially incriminating scene . . . . ” See
Roberson, 80 S.W.3d at 737. 
          Here, Hosey and appellant made conflicting statements as to how long they had
been in Houston and what they were doing there. Hosey stated that he and appellant
had driven to Houston by themselves and had stayed for four days to visit a friend. 
Appellant stated that he had been in Houston for two days with his cousin and Hosey. 
Neither man carried identification. Appellant could not even identify the cousin that
they had driven to Houston with; and Hosey hesitated when telling Crone where they
had stayed. Hosey stated that he had no driver’s license and that appellant was
supposed to be driving. However, appellant did not have his license with him and
claimed that he had lost his wallet. Hosey also made several conflicting statements
as to the ownership of the truck. 
          Like Duff, but unlike Roberson, appellant’s and Hosey’s conflicting statements
strongly imply that they were attempting to conceal their activities and to avoid
revealing their identities, the ownership of the truck they were driving, and the real
reason they had gone to Houston. That is, appellant’s and Hosey’s conflicting
statements evidence an attempt to distance themselves from the scene of the crime. 
See Roberson, 80 S.W.3d at 737. Thus, appellant’s and Hosey’s inconsistent
statements raise the inference that they were engaged in illegal activity—here, the
possession of cocaine with the intent to deliver—that establishes a connection to
appellant’s knowledge of the presence of the cocaine. See id. at 738.
Amount of Cocaine
          We also consider the amount of contraband found in determining whether an
affirmative link exists. Id. at 740. The power of this factor generally increases as the
amount of contraband found increases. Id. This factor, therefore, is more effective
at establishing an affirmative link when large quantities of contraband are involved. 
Id. For example, in Villegas v. State, we found the quantity of contraband to establish
an affirmative link in a case involving the seizure of 90 pounds of cocaine and 165
pounds of marijuana. 871 S.W.2d 894, 897 (Tex. App.—Houston [1st Dist.] 1994,
pet. ref’d). Likewise, in Sosa v. State, we found an affirmative link when 600
kilograms of cocaine were seized. 845 S.W.2d 479, 482–83 (Tex. App.—Houston
[1st Dist.] 1993, pet. ref’d).
          Here, two kilos of cocaine were discovered in the truck in which appellant was
a passenger. J. Calaway estimated that the kilos had a street-value of $1,064,000.


 
The two kilos clearly were neither an “insignificant amount of cocaine,” nor an
amount small enough to be concealed on one’s person. Cf. Roberson, 80 S.W.3d at
740 (finding 24 grams of cocaine not an insignificant amount and noting that 24
grams of cocaine is an amount small enough to be concealed on one’s person). 
Rather, as Calaway testified, the amount of cocaine was too much for mere personal
use. Thus, the amount of cocaine found is strongly indicative of an affirmative link
between it and appellant.
 
Other Factors
          Other factors presented by the State in support of an affirmative link are that
appellant had no identification, luggage, toiletry kit, toothbrush, or razor for the
purported overnight trip, but he did have a loaded firearm, ostensibly to protect the
cocaine. Appellant and Hosey were traveling by vehicle along a principal corridor
between Mississippi and Houston, a major cocaine distribution point. These facts
tend to establish an affirmative link between appellant and the cocaine because they
indicate a conflict between appellant’s statements and the physical evidence, thus
supporting the inference that appellant was possessing and protecting the cocaine for
the purpose of delivery.
Conclusion
          In summary, appellant was a passenger in a truck found to be transporting two
kilos of cocaine worth more than one million dollars. The cocaine was located in an
enclosed, unlocked space in the back of a truck, concealed under a shirt. Appellant
was traveling from Houston, a major cocaine distribution point, and claimed to have
been there two days—an amount of time that conflicted with Hosey’s account—but
carried none of the necessities for an overnight stay, such as a toothbrush or fresh
clothing. Neither appellant nor Hosey carried any identification; Hosey was not a
licensed driver, but stated that appellant was in fact a licensed driver and was
supposed to be driving. Hosey gave conflicting accounts as to ownership of the
truck, and he and appellant gave conflicting accounts regarding their trip to Houston. 
Moreover, a magazine for a semi-automatic handgun was found in plain view on the
console between Hosey and appellant, and, when Crone asked where the weapon was,
appellant reached toward a loaded handgun concealed by a shirt on the floor of the
truck. The jury could have found that the handgun was for the protection of the
cocaine.
          We conclude, based on the evidence presented at trial, that a jury could have
found beyond a reasonable doubt that appellant exercised actual care, custody,
control, or management of the cocaine; and that he was conscious of his connection
with it and knew what it was. See Tex. Health & Safety Code Ann. §§
481.002(38), 481.112(a); Wesbrook, 29 S.W.3d at 111.
          We overrule appellant’s first point of error.
          Factual Sufficiency
          We begin the factual sufficiency review with the presumption that the evidence
supporting the jury’s verdict is legally sufficient. Clewis v. State, 922 S.W.2d 126,
134 (Tex. Crim. App. 1996). We view all the evidence in a neutral light, and we will
set aside the verdict only if the contrary evidence is so strong that the verdict is
clearly wrong and manifestly unjust or the evidence is so weak that the standard of
proof beyond a reasonable doubt could not have been met. Escamilla v. State, 143
S.W.3d 814, 817 (Tex. Crim. App. 2004) (citing Zuniga v. State, 144 S.W.3d 477,
483 (Tex. Crim. App. 2004)). Our evaluation may not intrude upon the fact finder’s
role as the sole judge of the weight and credibility accorded any witness’s testimony. 
Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). What weight to be given
contradictory testimonial evidence is within the sole province of the fact finder
because it turns on an evaluation of credibility and demeanor; the fact finder may
choose to believe all, some, or none of the testimony presented. Id. at 407–09. We
must defer appropriately to the fact finder to avoid substituting our judgment for its
judgment. Zuniga, 144 S.W.3d at 481–82.
          For a review of factual sufficiency, we must consider the most important
evidence that appellant claims undermines the jury’s verdict. Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). Here, neither appellant nor Hosey testified.
Thus, what little contradictory evidence there is in the record was elicited from the
State’s witnesses on cross-examination by appellant. Crone testified that, on the
videotape of the stop played at trial, he could hear one of the suspects saying, “I ain’t
worried about nothing. I ain’t done nothing wrong.” Calaway testified that not every
cocaine case involves a gun, but most cases involving a large amount of cocaine, such
as the one here, do involve a gun. 
          The jury has the sole province to decide what weight is to be given to
contradictory testimony as it turns on an evaluation of credibility and demeanor. 
Cain, 958 S.W.2d at 408–09. A jury is free to believe any or all of the testimony of
the State’s witnesses. Id. at 409. The jury’s decision, therefore, is not manifestly
unjust merely because it resolves conflicting views of evidence in favor of the State. 
Id. at 410. Here, the jury was free to discredit appellant’s or Hosey’s statements that
he had “done nothing wrong” and to decide that the State’s evidence established
beyond a reasonable doubt that appellant possessed the cocaine. Thus, after neutrally
examining all the evidence, we find neither that the proof of guilt was so obviously
weak as to undermine confidence in the jury’s determination nor that the
contradictory evidence was so strong that the standard of proof beyond a reasonable
doubt could not have been met. See Escamilla, 143 S.W.3d at 817.
          We overrule appellant’s second point of error.
Intent to Deliver
          In his third and fourth points of error, appellant argues that the evidence
presented at trial was legally and factually insufficient to prove that he intentionally
or knowingly possessed the cocaine with intent to deliver.
          Legal Sufficiency
          To prove the offense of possession with the intent to deliver, the State must
prove, in addition to possession, that the accused intended “to transfer, actually or
constructively, to another a controlled substance, counterfeit substance, or drug
paraphernalia, regardless of whether there is an agency relationship. The term
includes offering to sell a controlled substance, counterfeit substance, or drug
paraphernalia.” Tex. Health & Safety Code Ann. § 481.002(8) (Vernon Supp.
2004–2005), § 481.112(a) (Vernon 2003). Intent to deliver a controlled substance
can be proved by circumstantial evidence, including evidence regarding an accused’s
possession of the contraband. Patterson v. State, 138 S.W.3d 643, 649 (Tex.
App.—Dallas 2004, no pet.) (citing Smith v. State, 737 S.W.2d 933, 941 (Tex.
App.—Dallas 1987, pet. ref’d)); Mack v. State, 859 S.W.2d 526, 528 (Tex.
App.—Houston [1st Dist.] 1993, no pet). Factors courts have considered include: (1)
the nature of the location at which the accused was arrested; (2) the quantity of
contraband in the accused’s possession; (3) the manner of packaging; (4) the presence
or lack thereof of drug paraphernalia (for either use or sale); (5) the accused’s
possession of large amounts of cash; and (6) the accused’s status as a drug user. 
Williams v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st Dist.] 1993, pet.
ref’d). An oral expression of intent is not required. “Intent can be inferred from the
acts, words, and conduct of the accused.” Patrick v. State, 906 S.W.2d 481, 487
(Tex. Crim. App. 1995). Expert testimony by experienced law enforcement officers
may be used to establish an accused’s intent to deliver. See Mack, 859 S.W.2d at 529.
          Here, appellant was arrested driving on Interstate 10, just outside of Houston,
a major cocaine distribution point. He was in possession of two kilos of cocaine,
which is an amount in excess of the typical amount possessed for personal use. See
Mack, 859 S.W.2d at 529 (finding 29 rocks of cocaine to be a sufficient amount from
which to infer an intent to deliver). Calaway testified at trial that “[a]nybody who has
this much [cocaine] clearly is not going to use it themselves and the only other option
is to possess it with the intent to deliver.” Calaway further testified that the cocaine
most likely had been produced and packaged in Mexico, smuggled into the United
States, and then distributed in Houston. Calaway also testified that the cocaine was
well-packaged, vacuum-sealed, and surrounded by rubber in order to conceal its scent
from dogs. No drug paraphernalia for the use of cocaine was found in the truck or on
appellant’s person. See id. (finding that an absence of paraphernalia for smoking or
using cocaine supports an inference of intent to deliver rather than intent to consume). 
The evidence, therefore, satisfied several of the factors considered in establishing
intent to deliver. Viewing all this evidence in the light most favorable to the verdict,
we conclude that the jury could have found beyond a reasonable doubt that appellant
intended to deliver or aid in the delivery of the two kilos of cocaine. See Wesbrook,
29 S.W.3d at 111.
          We overrule appellant’s third point of error.
Factual Sufficiency
          Appellant argues that the evidence was insufficient to show that he was aware
that Hosey intended to deliver the cocaine because there was no showing that
appellant was knowledgeable about the drug trade or about the wide extent to which
the cocaine could be “grammed out” and sold on the street.


 However, there is no
evidence in the record to support an inference that appellant was ignorant of the drug
trade and that the cocaine could be “grammed out” and distributed. The jury could
have reasonably found from the evidence outlined above that appellant knew about
the cocaine and intended to deliver it. 
          The only evidence that could undermine the verdict that appellant possessed
the cocaine with the intent to deliver is, again, that appellant might have been the
person in the patrol car who said he had “done nothing wrong.” The jury, however,
was free to discredit this evidence. See Cain, 958 S.W.2d at 409. Thus, after
examining all the evidence neutrally, we conclude that the proof of appellant’s guilt
was not so obviously weak as to undermine confidence in the jury’s determination nor
was the contradictory evidence so strong that the standard of proof beyond a
reasonable doubt could not have been met. See Escamilla, 143 S.W.3d at 817.
          We overrule appellant’s fourth point of error.
Use of a Deadly Weapon
          In his fifth and sixth points of error, appellant argues that the evidence
presented at trial was legally and factually insufficient to prove that he used or
exhibited a deadly weapon during the commission of the offense.
 
Legal Sufficiency
          Patterson v. State, 769 S.W.2d 938, 940–41 (Tex. Crim. App. 1989), is the
seminal Texas case discussing the difference between “exhibiting” and “using” a
deadly weapon. Exhibiting a deadly weapon requires only that “a deadly weapon be
consciously shown, displayed, or presented to be viewed” during the commission of
an offense. Id. at 941. Here, the jury found that appellant used the firearm during the
crime.


 The jury did not find that appellant exhibited a firearm. Accordingly, we will
limit our discussion to the term “use,” which requires that a deadly weapon, be used
to achieve an intended result, namely, the commission of a felony offense separate
and distinct from mere possession of the weapon. Ex parte Nelson, 137 S.W.3d 666,
667 n.2 (Tex. Crim. App. 2004). Use of a deadly weapon, therefore, not only
includes the wielding of a firearm, but also extends “to any employment of a deadly
weapon, even its simple possession, if such possession facilitates the associated
felony.” Patterson, 769 S.W.2d at 941 (emphasis in original).
          Here, the jury found that appellant used the firearm in the commission of the
possession of cocaine with the intent to deliver. Crone noticed a semi-automatic
magazine on the console between Hosey and appellant and asked appellant where the
gun was. Appellant reached towards a shirt on the floor and Crone recovered the
handgun from under the shirt.. We must address, therefore, whether the firearm found
in the truck, facilitated appellant’s possession and intended delivery of the cocaine. 
See Patterson, 769 S.W.2d at 941.  
          It is unlikely that the presence of both the handgun and the cocaine in the truck
was mere coincidence. See Dowdle v. State, 11 S.W.3d 233, 237 (Tex. Crim. App.
2000); see also Coleman, 145 S.W.3d at 659 (Cochran, J., concurring) (noting that
the proximity of the guns to the drugs is one factor in determining the sufficiency of
the evidence to support a deadly weapon finding). The handgun was loaded and
strategically placed between appellant and Hosey. See Dowdle, 11 S.W.3d at 237; see
also Coleman, 145 S.W.3d at 659 (Cochran, J., concurring). Appellant was in
possession of two kilos of cocaine worth over one million dollars. Sergeant Calaway
testified at trial that “they”— presumably referring to people who transport large
amounts of cocaine— often carry loaded weapons to protect the cocaine and that
carrying a loaded weapon is “part and parcel” of cocaine possession and delivery. In
light of all the evidence, a rational trier of fact could have found beyond a reasonable
doubt that the firearm facilitated appellant’s possession and intended delivery of the
cocaine. See Wesbrook, 29 S.W.3d at 111.
          We overrule appellant’s fifth point of error.
Factual Sufficiency
          The only contradicting evidence presented was (1) appellant’s failure to wield
the handgun when Crone stopped the truck; (2) Calaway’s testimony that a handgun
is not always involved in cocaine cases; and (3) his testimony that people own guns
for reasons other than protecting cocaine. However, the jury was free to infer from
the evidence that the handgun in this case was present in the truck to protect the
cocaine, regardless appellant’s failure to wield it when stopped and regardless of
other causes and the reason for which it may have originally been purchased. Thus,
after neutrally examining all the evidence, we find that the proof of appellant’s guilt
was neither so obviously weak as to undermine confidence in the jury’s determination
nor the contradictory evidence so strong that the standard of proof beyond a
reasonable doubt could not have been met. See Escamilla, 143 S.W.3d at 111.
          We overrule appellant’s sixth point of error.
Lesser Included Offense
          In his seventh point of error, appellant argues that the trial court erred in
refusing to charge the jury on the lesser included offense of possession of cocaine. 
See Tex. Health & Safety Code Ann. § 481.115 (Vernon 2003). A jury must be
charged on a lesser included offense if (1) the lesser included offense is included
within the proof necessary to establish the charged offense and (2) some evidence
exists in the record that would permit a rational jury to find that if the defendant is
guilty, he is guilty only of the lesser offense. Rousseau v. State, 855 S.W.2d 666,
677–73 (Tex. Crim. App. 1993); Upchurch v. State, 23 S.W.3d 536, 538 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d). Thus, there must be some evidence that
would negate the element raising the lesser included offense to the greater charged
offense. Aguilar v. State, 682 S.W.2d 556, 558 (Tex. Crim. App. 1985).
          Because mere possession of a controlled substance is a lesser included offense
of possession with the intent to deliver, the first prong of the test is satisfied. See
Upchurch, 23 S.W.3d at 538. The next issue is whether the record contains any
evidence that would permit a rational jury to find that appellant guilty only of
possession and not of intent to deliver. See Rousseau, 855 S.W.2d at 673. In other
words, we must determine whether there is evidence that would negate the jury’s
finding of an intent to deliver the cocaine. See Aguilar, 682 S.W.2d at 558. We have
found no evidence in the record that could undermine this finding. Therefore, the
court below did not err in refusing to instruct the jury on the lesser included offense
of possession. 
          We overrule appellant’s seventh point of error.       












Conclusion
We affirm the judgment of the trial court.
                                                                                                                           
                                                             Evelyn V. Keyes
                                                             Justice
Panel consists of Justices Nuchia, Keyes, and Bland.
Publish. Tex. R. App. P. 47.2(b).