Opinion issued November 30, 2006
     












In The
Court of Appeals
For The
First District of Texas




NO. 01-06-00018-CR




JAVIER RUIZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court
Harris County, Texas
Trial Court Cause No. 994634




MEMORANDUM OPINION

          A jury found appellant, Javier Ruiz, guilty of possession with intent to deliver
cocaine weighing at least 400 grams. See Tex. Health & Safety Code Ann.
§ 481.112 (Vernon 2003). The trial court assessed punishment at 20 years in prison
and a fine of $250,000.00. We address (1) whether the evidence was legally and
factually sufficient to prove that appellant knowingly exercised care, custody, control,
or management of the cocaine and (2) whether the trial court erred in denying
appellant the ability to question the State’s expert witness regarding procedures and
problems in the Houston Police Department (“HPD”) Crime Laboratory. We affirm.
Factual Background
          On July 17, 2004, HPD’s Target Narcotic Enforcement Team received
information regarding a narcotics transaction involving Refugio Cosio. HPD Deputies
Dearmon and Green began surveillance of Cosio’s residence that morning. Frequent
activity that was consistent with drug-trafficking began shortly thereafter. The deputies
observed Cosio leaving his residence in a black Jeep and followed him to a taqueria
stand on Jones Road.
          Cosio drove to a Walgreens on Jones Road, got out of his black Jeep, talked
briefly with a man driving a red pickup truck, and exchanged vehicles with him. Cosio
returned a few minutes later, switched vehicles again, and left in his black Jeep. Cosio
drove the black Jeep to a residence in a neighborhood off Jones Road (“the Staghill
residence”). After 15 minutes, Cosio left the Staghill residence and drove to a Kroger’s
shopping center at Jones Road and West Road, parking near a McDonald’s in the
shopping center. Cosio briefly spoke with appellant and Jaime Lopez, who was a
passenger in the Mitsubishi Lancer that appellant was driving, then got into the
Mitsubishi Lancer and drove away. The deputies, afraid that their surveillance had
been detected, returned to McDonald’s. 
          Appellant and Lopez entered the McDonald’s, where they sat at a table talking. 
After 20 minutes, Cosio returned to McDonald’s in the Lancer. Appellant and Lopez
met Cosio in the parking lot and talked for a few minutes. Appellant and Lopez got
into the Lancer, Cosio got into his black Jeep, and they all left McDonald’s. While
maintaining surveillance of the Lancer, the undercover deputies observed appellant
perform an unsafe lane change and multiple failures to signal, but asked marked patrol
units, dispatched to aid the deputies, to find their own probable cause before pulling
the Lancer over. HPD Deputy Shaddox, in one of the marked units, and the undercover
deputies observed appellant perform an unsafe lane change. Immediately, two marked
patrol units, driven by HPD Deputies Shaddox and Wyatt, pulled the Lancer over. 
Deputy Shaddox walked up to the passenger side of the Lancer and asked appellant, the
driver, for his driver’s license and insurance. Appellant had neither, and Deputy
Shaddox arrested him. Deputy Shaddox then asked Lopez if he had his driver’s
license. Because Lopez did not, Deputy Shaddox placed him in the rear seat of Deputy
Wyatt’s patrol car. After appellant signed a consent-to-search form, Deputy Wyatt
began a search of the car, and Deputy Shaddox took appellant to jail. The scene was
then turned over to the undercover narcotics officers. Two duffle bags were found in
the trunk of the Lancer. The bags contained 50 bricks of cocaine, weighing 48.6
kilograms.   
          Sufficiency of the Evidence
          In his first and second points of error, appellant argues that the evidence is
legally and factually insufficient to prove that he knowingly exercised care, custody,
control, or management of the cocaine beyond a reasonable doubt. 
A.      The Law
          To prove the offense of possession of a controlled substance, the State must
show that the accused (1) exercised actual care, custody, control, or management of the
controlled substance and (2) was conscious of his connection with the controlled
substance and knew what it was. See Tex. Health & Safety Code Ann.
§§ 481.002(38), 481.112(a) (Vernon 2003); Nhem v. State, 129 S.W.3d 696, 699 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). These elements may be established by either
direct or circumstantial evidence. Poindexter v. State, 153 S.W.3d 402, 405–06 (Tex.
Crim. App. 2005) (quoting Brown v. State, 911 S.W.2d 744, 747 (Tex. Crim. App.
1995)).
 
          When the accused is not in exclusive possession of the place where the
contraband is found, one cannot conclude that the accused had knowledge of and
control over the contraband unless the State establishes an affirmative link between the
accused and the contraband, i.e., independent facts and circumstances that affirmatively
link the accused to the contraband so as to suggest that the accused had knowledge of
the contraband and exercised control over it. Rhyne v. State, 620 S.W.2d 599, 601
(Tex. Crim. App. 1981); Roberson v. State, 80 S.W.3d 730, 735 (Tex. App.—Houston
[1st Dist.] 2002, pet. ref’d). In other words, the State must establish that the accused’s
connection with the substance was more than just fortuitous. Brown, 911 S.W.2d at
747.
          The Court of Criminal Appeals has identified several factors that may help to
establish an affirmative link between the accused and the contraband, including
whether (1) the contraband was in plain view; (2) the contraband was conveniently
accessible to the accused; (3) the accused was the owner of the place where the
contraband was found; (4) the accused was the driver of the automobile in which the
contraband was found; (5) the contraband was found on the side of the car on which
the accused was sitting; (6) the place where the contraband was found was not
enclosed; (7) the odor of the drug was present in the vehicle; (8) paraphernalia for use
of the contraband was in view of or found on the accused; (9) conduct by the accused
indicated a consciousness of guilt; (10) the accused had a special connection to the
contraband; (11) occupants of the vehicle gave conflicting statements about relevant
matters; (12) the physical condition of the accused indicated recent consumption of the
contraband found in the vehicle; and (13) affirmative statements by the accused
connected the accused to the contraband.


 Roberson, 80 S.W.3d at 735. Courts have
also considered whether (14) traces of the contraband were found on the accused, (15)
a large sum of money was found on the accused, and (16) how much contraband was
found. Poindexter, 153 S.W.3d at 412; Roberson, 80 S.W.3d at 735 n.2; Whitworth v.
State, 808 S.W.2d 566, 569 (Tex. App.—Austin 1991, pet. ref’d). Although several
factors relevant to establishing an affirmative link may be identified, the number of
factors actually supported by the evidence is not as important as the logical force that
they collectively create to prove that a crime has been committed. Roberson, 80
S.W.3d at 735 (quoting Whitworth, 808 S.W.2d at 569).
 
B.      Legal Sufficiency
            In his first point of error, appellant argues that the evidence is legally insufficient
to prove beyond a reasonable doubt that he knowingly exercised care, custody, control,
or management of the cocaine. 
            In conducting a legal-sufficiency review, we view all of the evidence in the light
most favorable to the verdict to determine whether a rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. Escamilla v.
State, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). In conducting our review of the
legal sufficiency of the evidence, we do not re-evaluate the weight and credibility of
the evidence, but ensure only that the jury reached a rational decision. Muniz v. State,
851 S.W.2d 238, 246 (Tex. Crim. App. 1993). Under a legal- or factual-sufficiency
review, the fact finder is the exclusive judge of the facts, the credibility of the
witnesses, and the weight to be given to their testimony. McKinny v. State, 76 S.W.3d
463, 468–69 (Tex. App—Houston [1st Dist.] 2002, no pet.). The jury may believe or
disbelieve any part of a witness’s testimony. See id.
          Appellant argues that the evidence is legally insufficient to support his
conviction because, in appellant’s view, the only arguable link between him and the
drugs in this case was that he was a registered co-owner and driver of the vehicle in
which the drugs were found. Appellant contends that he did not have knowledge of the
drugs or of “what was going on between [Cosio] and [Lopez].” Appellant also
emphasizes the extent to which the typical affirmative links are missing in this case. 
We need not consider affirmative-link factors that are absent from the evidence,
however. See Hurtado v. State, 881 S.W.2d 738, 745 (Tex. App.—Houston [1st Dist.]
1994, pet. ref’d). The only test that we must apply is whether, after viewing the
evidence in the light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the crime beyond a reasonable doubt. See id.
          Viewed in the light most favorable to the verdict, the evidence shows that
appellant was seen meeting with Cosio, who was under surveillance for drug
trafficking, and was involved in a suspicious exchange of vehicles. Deputy Wyatt
smelled the overwhelming and distinct odor of cocaine when appellant was stopped for
a traffic violation. See Robinson v. State, 174 S.W.3d 320, 327 (Tex. App.—Houston
[1st Dist.] 2005, pet. ref’d) (stating that odor of marijuana in vehicle can affirmatively
link defendant within vehicle to contraband). Appellant was also a registered owner
and the driver of the vehicle in which the cocaine was found. See Acosta v. State, 752
S.W.2d 706, 708 (Tex. App.—Corpus Christi 1988, pet. ref’d) (stating that when
defendant is registered owner of vehicle and driving vehicle, defendant can be
affirmatively linked to drugs in vehicle). The police recovered 50 bricks of cocaine
from appellant’s vehicle, weighing 48.28 kilograms, with a street value of five million
dollars. See Villegas v. State, 871 S.W.2d 894, 896–97 (Tex. App.—Houston [1st
Dist.] 1994, pet ref’d) (stating that, in determining if sufficient affirmative links exist
showing defendant’s knowledge and control of contraband, circumstantial factors can
be examined, such as amount of contraband found).
          From this evidence, a rational jury could have found that the evidence
established an affirmative link between appellant and the cocaine. See Roberson, 80
S.W.3d at 735. Accordingly, we hold that the evidence was legally sufficient to
support the jury’s implicit finding that appellant exercised actual care, custody, control,
or management of the cocaine. See Robinson, 174 S.W.3d at 329–30. 
          We overrule appellant’s first point of error.
C.      Factual Sufficiency
          In his second point of error, appellant argues that the evidence was factually
insufficient to prove that he knowingly exercised care, custody, control, or management
of the cocaine beyond a reasonable doubt.  
          When conducting a factual-sufficiency review, we view all of the evidence in a
neutral light. Ladd v. State, 3 S.W.3d 547, 557 (Tex. Crim. App. 1999). We will set the
verdict aside only if (1) the evidence is so weak that the verdict is clearly wrong and
manifestly unjust or (2) the verdict is against the great weight and preponderance of the
evidence. Johnson v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). Under the first
prong of Johnson, we cannot conclude that a conviction is “clearly wrong” or
“manifestly unjust” simply because, on the quantum of evidence admitted, we would
have voted to acquit had we been on the jury. Watson v. State, No. PD-469-05, 2006
WL 2956272, at *10 (Tex. Crim. App. Oct. 18, 2006). Under the second prong of
Johnson, we cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict. Id. Before finding that
evidence is factually insufficient to support a verdict under the second prong of
Johnson, we must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict. Id. In
conducting a factual-sufficiency review, we must also discuss the evidence that,
according to the appellant, most undermines the jury’s verdict. See Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003). 
              In support of his factual-sufficiency challenge, appellant relies on the same
evidence and arguments that he raised in his legal-sufficiency challenge, pointing to
evidence weighing against the jury’s verdict, as well as evidence and reasons that he
claims make the State’s evidence so obviously weak as to undermine confidence in the
verdict. 
          Appellant contends that he introduced evidence that he did not know about the
cocaine in the vehicle and that he was not aware of any meeting between Lopez and
Cosio. Appellant testified that he was merely driving Lopez on an errand because
Lopez had been drinking the previous night. However, the State introduced evidence
that (1) Cosio talked to appellant and Lopez in the McDonald’s parking lot, where they
exchanged something, and Cosio left McDonald’s driving the Lancer, consistent with
drug trafficking; (2) Lopez and appellant did not appear to order any food while at
McDonald’s, but seemed only to be waiting for Cosio’s return; (3) Lopez and appellant
met Cosio in the McDonald’s parking lot when Cosio returned, where the three
conversed, they exchanged something again, and Lopez and appellant got into the
Lancer to drive away; (4) appellant and Lopez did not have their licenses or vehicle
registration, which is common with drug dealers who do not want to be detected; (5)
the certified public document from the Texas Department of Transportation regarding
the registered owners of the Lancer showed that appellant and Lopez owned the car
together; and (6) cocaine has a very strong odor, even if sealed, and the odor was
immediately noticeable and overwhelming to Deputy Wyatt. Under a
factual-sufficiency review, the jury is the exclusive judge of the facts, the credibility
of the witnesses, and the weight to be given to their testimony. McKinny, 76 S.W.3d
at 468–69. The jury may simply have disbelieved appellant’s testimony. See id. 
Viewing the evidence in a neutral light, a rational jury could have found that appellant
knowingly exercised care, custody, control, or management of the cocaine.
          Appellant also contends that Deputy Dearmon gave inconsistent testimony. 
Deputy Dearmon testified at Lopez’s trial that Cosio proceeded to the Staghill
residence after having left the taqueria in the red truck, but Deputy Dearmon testified
at appellant’s trial that Cosio drove the red truck from Walgreens to the taqueria and
that the deputies lost Cosio after he had left the taqueria. Deputy Dearmon testified
that he was uncertain as to whether Cosio went to the Staghill residence or if the
deputies had lost Cosio in the red truck prior to that. Additionally, Deputy Dearmon
testified that he saw Cosio, Lopez, and appellant together in the McDonald’s parking
lot, but he later testified, during cross-examination, that he may have seen only Cosio
and Lopez together. We may not re-weigh the evidence and substitute our judgment
for that of the fact-finder. King v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000). 
The fact-finder alone determines what weight to place on contradictory testimonial
evidence because that determination depends on the fact-finder’s evaluation of
credibility and demeanor. Cain v. State, 958 S.W.2d 404, 408–09 (Tex. Crim. App.
1997).
            The evidence linking appellant to the cocaine is circumstantial. However, in
circumstantial-evidence cases, it is not necessary that every fact and circumstance point
directly and independently to the guilt of the accused. See Russell v. State, 665 S.W.2d
771, 776 (Tex. Crim. App. 1983). It is enough if the conclusion is warranted by the
combined and cumulative force of all the incriminating circumstances. Id. Every case
must be reviewed on its own facts and circumstances to determine the sufficiency of
the evidence. Id. at 775. Although appellant points out that specific affirmative links
were not present, we note that it is not the number of affirmative links that matters, but
the logical force that they collectively create. See Roberson, 80 S.W.3d at 735 (quoting
Whitworth, 808 S.W.2d at 569). 
          After viewing all of the evidence neutrally, we hold that the evidence supporting
the verdict is not too weak to support the finding of guilt beyond a reasonable doubt
and that the contrary evidence is not so strong that the beyond-a-reasonable-doubt
standard could not have been met. See Escamilla, 143 S.W.3d at 817. Therefore, the
jury was rationally justified in finding that the evidence established an affirmative link
between the accused and the cocaine. See Robinson, 174 S.W.3d at 330. Accordingly,
we hold that the evidence is factually sufficient to prove that appellant knowingly
exercised care, custody, control, or management of the cocaine. See id.
          We overrule appellant’s second point of error.
Cross-Examination of Expert Witness
          In his third point of error, appellant argues that it was error for the trial court to
deny appellant the ability to question the State’s expert witness regarding procedures
and problems in the HPD Crime Laboratory because such evidence was relevant. 
          Keith Carpenter, a forensic chemist for HPD, testified that he had performed an
analysis of cocaine taken from appellant’s vehicle. During cross-examination, defense
counsel inquired about previous problems in the HPD crime laboratory and issues
surrounding its re-certification. The prosecutor objected to the relevancy of this
testimony, and the trial court sustained the objections. The trial court allowed
testimony, against objection of the prosecution, of whether Carpenter was working at
the HPD crime laboratory when the dry-lab testing was taking place.
          To preserve error in the exclusion of evidence, a party must make a sufficient
offer of proof and obtain a ruling. Tex. R. Evid. 103(a)(2); Tex. R. App. P.
33.1(a)(1)(A); Hernandez v. State, 127 S.W.3d 206, 216 (Tex. App.—Houston [1st
Dist.] 2003, pet. ref’d). Error may not be predicated upon a ruling that excludes
evidence unless a substantial right of a party is affected and the substance of the
evidence was made know to the court by offer of proof or was apparent from the
context within which questions were asked. Tex. R. Evid. 103(a)(2); Warner v. State,
969 S.W.2d 1, 2 (Tex. Crim. App. 1998); Hernandez, 127 S.W.3d at 216; Garza v.
State, 846 S.W.2d 936, 939 (Tex. App.—Houston [1st Dist] 1993, pet. ref’d). An offer
of proof must show that the excluded evidence is relevant and admissible and must
show the facts that a defendant wishes to prove. Edwards v. State, 178 S.W.3d 139,
146 (Tex. App.—Houston [1st Dist] 2005, no pet.); Railsback v. State, 95 S.W.3d 473,
478 (Tex. App.—Houston [1st Dist] 2002, pet. ref’d). An offer of proof must be
specific enough to enable the reviewing court to determine the admissibility of the
disputed evidence; only a short, factual recitation of what the testimony would show
is required. In re N.R.C., 94 S.W.3d 799, 806 (Tex. App.—Houston [14th Dist] 2002,
pet denied).
          Appellant’s trial counsel did not make an offer of proof or present a bill of
exception to the trial court to reveal the anticipated substance of Carpenter’s excluded
testimony. See Tex. R. Evid. 103(a)(2); Guidry v. State, 9 S.W.3d 133, 153 (Tex.
Crim. App. 1999). Appellant did not make the substance of Carpenter’s testimony
known to the court by offer of proof, and the substance of that testimony was not
apparent from the context. See Guidry, 9 S.W.3d at 153; Warner, 969 S.W.2d at 2;
Hernandez, 127 S.W.3d at 216; Garza, 846 S.W.2d at 939. 
          Because no offer of proof was made and the record does not indicate what the
excluded testimony would have been, appellant has waived any error, and nothing is
presented for review. See Tex. R. Evid. 103(a)(2); Guidry, 9 S.W.3d at 153.
          We overrule appellant’s third point of error.
 
 
 
                                                                          Conclusion
          We affirm the judgment of the trial court.
                                                                                                                                     
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.
 
Do not publish. See Tex. R. App. P. 47.2(b).