

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

---

## NO. 2-08-434-CR

---

RUDY ABELINO BANDA                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

------------

FROM THE 78TH DISTRICT COURT OF WICHITA COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. INTRODUCTION

Appellant Rudy Abelino Banda appeals his conviction for possession of a

controlled substance, cocaine (200–400 grams), with intent to deliver.[2] In one

---

[1] *See* Tex. R. App. P. 47.4.

[2] Banda was also convicted of possession of marijuana (50–2,000 pounds) in a drug-free zone, but he does not appeal his conviction on this count.

point, Banda argues that the evidence is legally and factually insufficient to sustain his conviction. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Officers from the Wichita Falls Police Department executed a search warrant to search for narcotics in Banda's residence. Banda, his wife, and his small child were sleeping in their bedroom when police entered the home. Police found cocaine inside a locked safe in the bedroom. Banda informed the officers that the key to the safe "was inside his hat," which was located on the nightstand by his bed. In addition to the cocaine, the safe contained over $10,000 in cash. Police found cocaine and marijuana in five separate locations of Banda's residence and ultimately seized 77.75 pounds of marijuana, 271.11 grams of cocaine, envelopes containing $10,951 in cash, including one envelope marked with hand-written dollar amount notations, a calendar from the kitchen marked with hand-written dollar amount notations corresponding to the notations on the envelope, and four digital scales.

Police arrested Banda. During questioning, Banda told the police that he had allowed a friend, Carlos Torres, to store the marijuana and cocaine at his house as a favor.

A jury convicted Banda of both counts contained in the indictment, assessed his punishment at twenty-five years' confinement for the first count

2

(possession of cocaine with intent to deliver) and ten years' confinement for the second count (possession of marijuana), and recommended that the trial court suspend punishment of the sentence for the second count and place him on community supervision. The trial court sentenced him accordingly.

### III. STANDARDS OF REVIEW

#### A. Legal Sufficiency

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. *See* Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); *Brown v. State*, 270 S.W.3d 564, 568 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 2075 (2009). Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and

3

credibility of the evidence and substitute our judgment for that of the factfinder. *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), *cert. denied*, 529 U.S. 1131 (2000).  Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007).  We must presume that the factfinder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778.

### B.  Factual Sufficiency

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Neal v. State,* 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), *cert. denied*, 129 S. Ct. 1037 (2009); *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).  We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the factfinder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the factfinder's determination is manifestly unjust. *Lancon v. State*, 253 S.W.3d 699, 704 (Tex. Crim. App. 2008); *Watson*, 204 S.W.3d at 414–15, 417.  To reverse

4

under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

In determining whether the evidence is factually insufficient to support a conviction that is nevertheless supported by legally sufficient evidence, it is not enough that this court "harbor a subjective level of reasonable doubt to overturn [the] conviction." *Id*. We cannot conclude that a conviction is clearly wrong or manifestly unjust simply because we would have decided differently than the jury or because we disagree with the jury's resolution of a conflict in the evidence. *Id*. We may not simply substitute our judgment for the factfinder's. *Johnson v. State*, 23 S.W.3d 1, 12 (Tex. Crim. App. 2000); *Cain v. State*, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). Unless the record clearly reveals that a different result is appropriate, we must defer to the jury's determination of the weight to be given contradictory testimonial evidence because resolution of the conflict "often turns on an evaluation of credibility and demeanor, and those jurors were in attendance when the testimony was delivered." *Johnson*, 23 S.W.3d at 8. Thus, unless we conclude that it is necessary to correct manifest injustice, we must give due deference to the factfinder's determinations, "particularly those determinations concerning the

5

weight and credibility of the evidence." *Id*. at 9.  Our deference in this regard safeguards the defendant's right to a trial by jury.  *Lancon,* 253 S.W.3d at 704.

## IV.  SUFFICIENCY OF THE EVIDENCE

In his sole point, Banda argues that the evidence is legally and factually insufficient to convict him of possession of a controlled substance—cocaine—with intent to deliver.  Banda challenges only the intent-to-deliver element of the offense, contending that no credible direct evidence exists showing that he had any intent to deliver the cocaine.

### A.  Law on Intent to Deliver

To establish an intent to deliver, the State must prove that the accused intended to transfer, actually or constructively, a controlled substance to another.  Tex. Health & Safety Code Ann. § 481.002(8) (Vernon Supp. 2008), § 481.112(a) (Vernon 2003).  Intent to deliver may be proved by circumstantial evidence.  *Jordan v. State*, 139 S.W.3d 723, 726 (Tex. App.—Fort Worth 2004, no pet.) (citing *Rhodes v. State*, 913 S.W.2d 242, 251 (Tex. App.—Fort Worth 1995), *aff'd*, 945 S.W.2d 115 (Tex. Crim. App.), *cert. denied*, 522 U.S. 894 (1997)).  Additionally, intent to deliver may be inferred from the quantity of drugs possessed and from the manner in which they were packaged. *Rhodes,* 913 S.W.2d at 251.  Expert testimony may be introduced to prove intent to deliver.  *Jordan*, 139 S.W.3d at 726.

6

Courts use several factors when determining intent to deliver, including the following: (1) the nature of the location where the defendant was arrested; (2) the quantity of drugs the defendant possessed; (3) the manner of packaging the drugs; (4) the presence or absence of drug paraphernalia for either use or sale; (5) the defendant's possession of large amounts of cash; and (6) the defendant's status as a drug user. *Id.*; *see also Brown v. State*, No. 02–04–00564–CR, 2006 WL 412466, at *3 (Tex. App.—Fort Worth Feb. 23, 2006, no pet.) (mem. op., not designated for publication) (applying "*Jordan* factors" in legal and factual sufficiency analysis).

### B. Law on Law of Parties

Under the law of parties, a person is criminally responsible for the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003). The evidence must show that, at the time of the offense, the parties were acting together, each contributing some part toward the execution of their common purpose. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex. Crim. App. 1994). In determining whether a defendant participated in an offense as a party, the factfinder may examine the events occurring before, during, and after the commission of the offense and may rely on actions of the defendant that

7

show an understanding and common design to commit the offense. *Id.* The accused's mere presence at a location at which narcotics are also present and over which he does not exercise sole control does not necessarily establish possession; rather, some evidence must also affirmatively link him to the contraband. *McGoldrick v. State*, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).

### C. Legally Sufficient Evidence

Viewing the evidence in the light most favorable to the verdict, the record demonstrates that the following evidence was introduced at trial relevant to the issue of intent to deliver. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2793; *Clayton*, 235 S.W.3d at 778. Regarding the nature of the area where the defendant was arrested, although no evidence exists that Banda lives in a high crime area, Banda told police that he lives in a bad neighborhood. Concerning the quantity of the drugs, Banda does not dispute that he had possession of 77.75 pounds of marijuana and 271.11 grams of cocaine. Officer Folmar, testified that the amount of cocaine found in the safe was "an extremely large amount, much more than just the typical user's amount of cocaine." Officer Folmar also stated that the cocaine marked as State's Exhibit 4 was "in a smaller plastic baggy, which indicated to me that it was intended for resale." Regarding drug paraphernalia found in the residence, police seized four digital

8

scales and found hand-written notations indicating drug activity on an envelope containing cash and on a calendar. Officer Folmar testified that the dollar amount notations on the envelope and calendar, which ranged from $3,000 to $5,000, were significant because people who sell narcotics generally keep track of how much money they are making in profit. Cash in the amount of $10,951 was located in envelopes in the same safe that contained the cocaine. Relating to Banda's status as a drug user, he admitted that he has been buying marijuana from Torres for at least two years.

Banda contends that the "only evidence" concerning the intent-to-deliver element of the offense was Officer Folmar's speculative testimony that the cocaine was for sale or resale. But in addition to Officer Folmar's testimony, evidence was presented at trial regarding the large amount of cocaine found in Banda's home and the manner in which it was packaged. From this evidence the jury could have inferred an intent to deliver the cocaine. *See Jordan*, 139 S.W.3d at 726; *Rhodes*, 913 S.W.2d at 251.

Viewing the evidence in the light most favorable to the jury's verdict, we hold that a rational trier of fact could have found that the evidence at trial was sufficient to establish beyond a reasonable doubt that Banda, acting as a principal, possessed the intent to deliver. *See* Tex. Health & Safety Code Ann. §§ 481.002(8), .112(a); *Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793;

9

*Clayton*, 235 S.W.3d at 778; *see also Robinson v. State*, 174 S.W.3d 320, 331 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd) (holding evidence legally sufficient to support possession with intent to deliver as a principal actor or a party). Accordingly, we hold that the evidence is legally sufficient to support Banda's conviction.

### D. Factually Sufficient Evidence

Banda also argues in his sole point that the evidence is factually insufficient to support his conviction because the evidence shows that he was holding the contraband for Torres and that he "had no knowledge" of the illicit nature of what he was storing. But the trial court's charge to the jury contained an instruction on the law of parties. Under the law of parties, the jury was authorized to find Banda responsible for the actions of Torres if Banda, with the intent to promote or assist the commission of the offense, solicited, encouraged, aided, or attempted to aid Torres to commit the offense. *See* Tex. Penal Code Ann. § 7.02(a)(2); *see also Ortiz v. State*, No. 01-05-00500-CR, 2006 WL 1549758, at *5 (Tex. App.—Houston [1st Dist.] June 8, 2006, pet. ref'd) (discussing how appellant could have been found guilty of possession of 400 grams or more of a controlled substance with intent to deliver even if the cocaine was solely controlled by two other people because appellant's having acted as the "middleman" assisted the other two people in the commission of

10

the offense), *cert. denied*, 549 U.S. 1285 (2007). Banda told police that he had been storing the cocaine and marijuana for Torres for three to four months and that Torres would stop by and pick up whatever he needed. Thus, although Banda testified at trial he did not know that Torres was storing cocaine at his house, the evidence is factually sufficient to support Banda's conviction simply under the law of parties. *See* Tex. Penal Code Ann. § 7.02(a)(2).

Banda possessed 271.11 grams of cocaine, $10,951 in cash, and four digital weight scales, and he admitted buying marijuana. Applying the *Jordan* intent-to-deliver factors to the present case, the evidence supports the jury's determination that Banda intended to deliver the cocaine or acted with intent to promote or assist in the delivery of the cocaine. *See Jordan*, 139 S.W.3d at 726; *see also Salazar v. State*, 95 S.W.3d 501, 504–05 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (holding evidence legally sufficient to support conviction for possession with intent to deliver under law of parties); *Brown*, 2006 WL 412466, at *3 (holding that factually sufficient evidence of intent to deliver existed when defendant possessed 6.9 grams of cocaine and $399 in cash despite absence of evidence of drug paraphernalia, weight scales, or defendant's drug usage).

We have thoroughly reviewed the evidence in a neutral light, and we find no objective basis in the record for holding that the jury's verdict was clearly wrong or manifestly unjust or that it is contradicted by the great weight and preponderance of the evidence. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. Rather, the evidence presented at trial was sufficient to support the jury's verdict, and no contrary evidence exists that would render the evidence factually insufficient under the applicable standard of review. *See Lancon*, 253 S.W.3d at 704; *Watson*, 204 S.W.3d at 414–15, 417. Accordingly, having held that the evidence is legally and factually sufficient to support Banda's conviction, we overrule his sole point.

## V. CONCLUSION

Having overruled Banda's sole point, we affirm the trial court's judgment.

PER CURIAM

PANEL: WALKER, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 23, 2009