Opinion filed August 2, 2007


















 
 
  
 
 







 
 
  
 
 




Opinion filed August 2, 2007

 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                 ____________

 

                                                          No. 11-06-00022-CR

                                                    __________

 

                                LUIS
FLORES SAUCEDO, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                               On
Appeal from the County Court

 

                                                         Gaines County, Texas

 

                                                   Trial
Court Cause No. 14,842

 



 

                                                                   O
P I N I O N

The
trial court convicted Luis Flores Saucedo of the Class A misdemeanor offense of
possession of less than twenty-eight grams of the controlled substance,
hydrocodone.  See Tex. Health & Safety Code Ann. ' 481.117(a), (b) (Vernon 2003).  The trial court assessed punishment at one
year in the Gaines County Jail and a fine of $4,000.  In a single issue on appeal, appellant
challenges the legal and factual sufficiency of the evidence to support his
conviction. Because the evidence is legally insufficient to support appellant=s conviction, we reverse the judgment and
render a judgment of acquittal.








                                                              Standards
of Review

In order
to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S.
307 (1979); Jackson v. State, 17
S.W.3d 664, 667 (Tex.
Crim. App. 2000).  To determine if the
evidence is factually sufficient, the appellate court reviews all of the
evidence in a neutral light.  Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006) (overruling in part Zuniga
v. State, 144 S.W.3d 477 (Tex. Crim. App. 2004)); Johnson v. State,
23 S.W.3d 1, 10-11 (Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d
404, 407-08 (Tex. Crim. App. 1997); Clewis v. State, 922 S.W.2d 126, 129
(Tex. Crim. App. 1996).  Then, the
reviewing court determines whether the evidence supporting the verdict is so
weak that the verdict is clearly wrong and manifestly unjust or whether the
verdict is against the great weight and preponderance of the conflicting
evidence.  Watson, 204 S.W.3d at
414-15; Johnson, 23 S.W.3d at 10-11. 
In a bench trial, the trial court, as the trier of fact, is the
exclusive judge of the credibility of the witnesses and the weight to be given
to their testimony.  Joseph v. State,
897 S.W.2d 374, 376 (Tex. Crim. App. 1995).

In cases
involving unlawful possession of a controlled substance, the State must prove
that the accused exercised control, management, or care over the substance and
that the accused knew the matter possessed was contraband.  Poindexter v. State, 153 S.W.3d 402,
405 (Tex.
Crim. App. 2005); Martin v. State, 753 S.W.2d 384, 387 (Tex. Crim. App.
1988).  When the accused is not shown to
have had exclusive possession of the place where the contraband was found, the
evidence must affirmatively link the accused to the contraband.  Pollan v. State, 612 S.W.2d 594 (Tex.
Crim. App. 1981).  The Court of Criminal
Appeals has recently stated that the legal issue with respect to such Alinks@ is Awhether there was evidence of
circumstances, in addition to mere presence, that would adequately justify the
conclusion that the defendant knowingly possessed the substance.@  Evans
v. State, 202 S.W.3d 158, 161-62 n.9 (Tex. Crim. App. 2006).








Several
factors may help to establish an affirmative link between the accused and the
contraband, including, among others, the following:  (1) whether the contraband was in plain view;
(2) whether the contraband was conveniently accessible to the accused; (3)
whether the accused was the owner of the place where the contraband was found;
(4) whether the accused was the driver of the vehicle in which the contraband
was found; (5) whether the contraband was found on the side of the vehicle
where the accused was sitting; (6) whether the place where the contraband was
found was enclosed; (7) whether the odor of the drug found was present in the
vehicle; (8) whether paraphernalia for use of the contraband was in view or
found on the accused; (9) whether conduct of the accused indicated a
consciousness of guilt; (10) whether the accused had a special connection to
the contraband; (11) whether the occupants of the vehicle gave conflicting
statements about relevant matters; (12) whether the physical condition of the
accused indicated recent consumption of the contraband found in the vehicle;
(13) whether affirmative statements by the accused connected the accused to the
contraband; (14) whether traces of the contraband were found; (15) whether a
large sum of money was found on the accused; and (16) the amount of contraband
found.  See Robinson v. State, 174
S.W.3d 320, 325-26 (Tex. App.CHouston [1st Dist.] 2005, pet. ref=d). 
No set formula exists to dictate a finding of affirmative links
sufficient to support an inference of knowing possession of contraband.  Taylor
v. State, 106 S.W.3d 827, 831 (Tex.
App.C Dallas 2003, no pet.).  The number of factors present is not as
important as the logical force or the degree to which the factors, alone or in
combination, tend to affirmatively link the accused to the contraband.  Bates v. State, 155 S.W.3d 212, 216-17
(Tex. App.CDallas 2004, no pet.); Hurtado v. State,
881 S.W.2d 738, 743 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d); Whitworth v. State, 808 S.W.2d
566, 569 (Tex. App.CAustin 1991, pet. ref=d).       


                                                                Evidence
at Trial

The
State called only one witness, Seminole Police Officer Theodore Wadzeck.  Appellant neither testified nor called any
witnesses.  The following is a summary of
Officer Wadzeck=s testimony. 

On
September 8, 2005, at about 11:15 a.m., Officer Wadzeck observed a 1991
Chevrolet pickup with an expired registration sticker.  Based on this observation, Officer Wadzeck
initiated a traffic stop of the pickup. 
At the time of the stop, appellant was driving the pickup, and appellant=s brother, Ricardo Saucedo, was a
passenger in the pickup.  Officer Wadzeck
determined that appellant was the owner of the pickup.








Based on Officer Wadzeck=s
knowledge that Ricardo was a known user of narcotics and was known to associate
with people who used narcotics, Officer Wadzeck wanted to question appellant Ato get a feel for him.@ 
At Officer Wadzeck=s
request, appellant exited the vehicle for questioning. Appellant did not appear
to be under the influence of drugs and answered all of Officer Wadzeck=s questions.  However, because suspicions arose in Officer
Wadzeck=s mind
during his conversation with appellant, Officer Wadzeck requested appellant=s consent to search the pickup.  Appellant verbally consented to the search,
and Officer Wadzeck conducted a search of the pickup.  During the search, Officer Wadzeck found a
sandwich bag containing six pills in a console area located at the bottom of
the passenger side door.  The pills were
pinkish in color, and each of the pills was labeled AWatson
502.@  The pills were not in a prescription bottle,
and the sandwich bag containing the pills was not marked or labeled in any
way.  Officer Wadzeck did not know what
the pills were.  Officer Wadzeck believed
that appellant probably could not have seen the sandwich bag in the passenger
side compartment from where appellant was sitting in the driver=s seat. 
Appellant would have had to have reached over Ricardo to get the
bag.  Officer Wadzeck asked appellant and
Ricardo if they knew anything about the pills or why the pills were in the
pickup.  Appellant and Ricardo told
Officer Wadzeck that they did not know anything about the pills or how the
pills got in the pickup.  They claimed
that the pills may have belonged to their niece.  Officer Wadzeck did not find any other
contraband during the search.

With the help of the Poison Control
 Center, Officer Wadzeck
determined that the pills contained hydrocodone and acetaminophen.  Because appellant and Ricardo both denied
knowledge of the pills and because Officer Wadzeck believed that appellant and
Ricardo both had custody and control of the pills, Officer Wadzeck arrested
both of them for possession of hydrocodone. 
Officer Wadzeck believed that appellant had custody and control of the
pills because appellant owned the pickup and was driving the pickup at the time
of the stop.  Officer Wadzeck believed
that Ricardo had custody and control of the pills because Officer Wadzeck found
the pills Aright
next@ to where
Ricardo had been sitting in the passenger seat. 
The State introduced the pills into evidence, and appellant stipulated
that the pills contained hydrocodone with an aggregate weight, including any
adulterants and dilutants, of less than twenty-eight grams.  The State also introduced into evidence a
videotape of the stop.

                                                            Analysis

The evidence showed that appellant was the owner
and the driver of the pickup where the hydrocodone pills were found.  These facts potentially linked appellant to
the pills.  However, there was no other
evidence linking appellant to the pills. 
The pills were not found on the side of the vehicle where appellant was
sitting.  Rather, Officer Wadzeck found
the pills in the console area at the bottom of the passenger side door.  He found the pills Aright
next@ to where
Ricardo had been sitting.  Appellant
could not get to the pills without reaching over Ricardo.  As such, the pills were not conveniently
accessible to appellant.  The pills were
not in plain view.  Officer Wadzeck
testified that appellant probably could not have seen the sandwich bag from
where he was sitting.  Appellant was
cooperative and did not appear to be under the influence of any drugs.  Appellant did not make any statements
connecting himself to the pills, and appellant and Ricardo did not make any
conflicting statements about the pills. 
There was no evidence that appellant engaged in any conduct indicating a
consciousness of guilt, that appellant made any furtive gestures in an attempt
to hide the pills, or that appellant ever reached over toward the passenger
side of the pickup.

After reviewing all of the evidence, we hold that
the evidence is legally insufficient to support appellant=s conviction.  Although appellant was the owner and the
driver of the pickup, no other evidence linked him to the pills.  Therefore, the circumstances do not justify
the trial court=s
conclusion that appellant exercised control, management, or care over the pills
or that appellant knowingly possessed the pills.  We sustain appellant=s
issue.

                                                               This
Court=s Ruling

We reverse the trial court=s
judgment and render a judgment of acquittal.   


 

 

TERRY McCALL

JUSTICE

August 2, 2007

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

McCall,
J., and Strange, J.