Opinion issued January 10, 2008









Opinion issued January 10,
2008

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 

 

 

NO. 01-06-00951-CR

__________

 

DERICK DEON HOWARD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

 

On Appeal from the
177th District Court

Harris County, Texas

Trial Court Cause No. 1064973

 

 

 

MEMORANDUM OPINION

            A jury
convicted appellant, Derick Deon Howard, of possession with intent to deliver 
a controlled substance, namely, cocaine, weighing more than four grams and less
than two hundred grams[1] and assessed punishment at ten years’
confinement and 

 class=Section2>

a $1,500 fine.  In four
points of error, appellant contends that the evidence is legally and factually
insufficient to support his conviction.  We affirm.

BACKGROUND

          On the evening of April 12,
2006, Sergeant K. Richards of the West Side Divisional Tactical Unit was
conducting surveillance from his unmarked pickup truck, which was parked in the
parking lot of an apartment complex.  The surrounding area had been considered
a high crime area, or “hot spot,” by the Houston Police Department.   Sergeant
Richards saw a four-door maroon Buick enter the parking lot and back into a
parking space about four spaces away from his location.  Richards saw appellant
and a two-year-old toddler in the parked car.  Approximately two minutes after
the Buick was parked, a man walked through an apartment gate and got into the
Buick from the rear, passenger-side door.   Richards saw appellant turning and
reaching toward the backseat, conducting some type of transaction.   Moments
later, the man in the rear of the car got out, scanned the surroundings, and
sprinted back into the apartment complex. 

          Then, appellant drove the
Buick out of the apartment complex parking lot, followed by unmarked police
cars.  A traffic stop was initiated by a uniformed officer, Sergeant
Cashdollar, for violations of a cracked rear tail light and failing to properly
restrain a child.  After Cashdollar learned appellant was driving without a
valid Texas 








driver’s license, also a violation of
 Texas law, he arrested appellant.  Id.  Appellant was searched
incident to his arrest, and the police officer recovered $1,255 in cash.  The
Buick appellant was driving was also searched, and the officers recovered a
plastic baggie containing 4.2 grams of crack cocaine from a hidden dashboard
compartment, which was located a few inches to the left of the steering column.


SUFFICIENCY OF THE EVIDENCE

          In his first and second points of
error, appellant argues that the evidence was legally insufficient to support
his conviction for possession of a controlled substance with the intent to
deliver.  Appellant also challenges the factual sufficiency of the evidence in
his third and fourth points of error for review.  When both the legal and
factual sufficiency of the evidence are challenged, we must first review the
evidence under the legal sufficiency standard.  Harmond v. State, 960
S.W.2d 404, 406 (Tex. App.—Houston [1st Dist.] 1998, no pet.) (en banc
opinion); see Clewis v. State, 922 S.W.2d 126, 133 (Tex. Crim.
App.1996).  

I.  Legal Sufficiency

          In evaluating the legal
sufficiency of the evidence, we must view the evidence in the light most
favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt.  King
v. State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); see also Roberson
v. State, 80 S.W.3d 730, 734 (Tex. App.—Houston [1st Dist.] 2002, pet.
ref’d).  Although our analysis considers all evidence presented at trial, we
may not re-weigh the evidence and substitute our judgment for that of the
jury.  King, 29 S.W.3d at 562; Roberson, 80 S.W.3d at 734.

          To establish unlawful possession with
the intent to deliver a controlled substance, the State must show that a defendant
(1) exercised actual care, custody, control, or management over the controlled
substance; (2) knew that he possessed a controlled substance; and (3) had the
intent to deliver the controlled substance.  Tex.
Health & Safety Code Ann. §  481.112(a), (d) (Vernon 2003), §
481.002(38) (Vernon Supp. 2007), § 481.112(a) (Vernon 2003); see also
Poindexter v. State, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005).  One need
not have exclusive possession of the drug.  Harvey v. State, 487
S.W.2d 75,77 (Tex. Crim. App. 1972).

          A.  Possession of a Controlled
Substance

          When contraband
is not found on the accused’s person or when the accused is not in exclusive
possession of the place where the contraband is found, we cannot conclude that
the accused had knowledge of and control over the contraband unless the State
establishes a link[2]
between the accused and the contraband—i.e., independent facts and
circumstances that link the accused to the contraband so as to suggest that the
accused had knowledge of the contraband and exercised control over it.[3]  Rhyne v. State, 620 S.W.2d
599, 601 (Tex. Crim. App. 1981); Robinson v. State, 174 S.W.3d 320, 325
(Tex. App.—Houston [1st Dist.] 2005, pet. ref’d); Swarb, 125 S.W.3d at
684.  The link may be established through either direct or circumstantial
evidence.  See Brown v. State, 911 S.W.2d 744, 746–47 (Tex. Crim.
App. 1995).

          The link
terminology does not constitute a unique legal rule, but is only a shorthand
way of expressing what must be proven to establish that narcotics were
possessed knowingly or intentionally.  Id. at 747.  Texas courts
have identified several factors that may help to establish a link between the
accused and the contraband, including whether (1) the defendant was present
when the narcotics were found; (2) the contraband was in plain view; (3) the
defendant was in proximity to the narcotics and had access to them; (4) the
defendant was under the influence of narcotics when arrested; (5) the defendant
possessed other contraband; (6) the defendant made incriminating statements
when arrested; (7) the defendant attempted to flee; (8) the defendant made
furtive gestures; (9) the odor of the narcotic found was present; (10) the
defendant owned or had the right to possess the place where the narcotics were
found; (11) the narcotics were found in an enclosed place; (12) the amount of
narcotics found was significant; (13) the defendant possessed a weapon; and
(14) the defendant possessed a large amount of cash.  Swarb v. State,
125 S.W.3d 672, 684 (Tex. App.—Houston [1st Dist.] 2003, pet. dism’d). 
Although several factors relevant to establishing the necessary link have been
identified, the number of factors supported by the evidence is not as important
as the “logical force” they collectively create to prove that a crime has been
committed.  Roberson, 80 S.W.3d at 735 (quoting Hurtado v. State,
881 S.W.2d 738, 743 (Tex. App.—Houston [1st Dist.] 1994, pet. ref’d)). 
Evidence that links the accused to the narcotics must establish a connection
that was more than fortuitous.  Brown, 911 S.W.2d at 747.

          In this case,
the evidence shows that appellant had multiple links to the cocaine.  Appellant
was the sole adult occupant of the vehicle in which the cocaine was found.  See
Hyett v. State, 58 S.W.3d 826, 830 (Tex. App.—Houston [14 th Dist.]
2001, pet. ref’d) (stating that the appellant’s sole occupancy of vehicle in
which cocaine was found affirmatively linked him to cocaine).  Appellant also
claimed to own the vehicle.  Gilbert v. State 874 S.W.2d 290.  Appellant
had convenient accessability next to the steering column where the drugs were
kept.  See Robinson v. State, 174 S.W.3d 320, 326 (Tex. App.—Houston
[1st Dist.] 2005, pet. ref’d) (stating that the term “conveniently accessible”
means that contraband is within close vicinity of accused and easily accessible
while in vehicle so as to suggest accused had knowledge of contraband and
exercised control over it).  Also, the police discovered the cocaine on the
same side of the car as where the accused was sitting.  Gilbert, 874
S.W.2d at 298.  An experienced police officer witnessed appellant engaged in an
activity believed to be a drug deal which would indicate appellant’s
consciousness of the drugs.  

          Viewing the evidence in
the light most favorable to the verdict, we hold that there were sufficient
links between appellant and the contraband to conclude that appellant knowingly
possessed the cocaine. 

          B.  Intent
to Deliver

          To prove the
offense of possession of a controlled substance with the intent to deliver,
the State must prove, in addition to possession, that the accused intended “to
transfer, actually or constructively, to another a controlled substance....” Tex. Health & Safety Code Ann. §
481.002(8) (Vernon 2003 & Supp. 2007), § 481.112(a) (Vernon 2003).  Intent
to deliver a controlled substance can be proved by circumstantial evidence,
including evidence regarding an accused’s possession of the contraband.  Mack
v. State, 859 S.W.2d 526, 528 (Tex. App.—Houston [1st Dist.] 1993, no
pet.).  Additional factors that this Court has considered in determining
whether the accused had the intent to deliver include: (1) the nature of the
location at which the accused was arrested; (2) the quantity of contraband in
the accused’s possession; (3) the manner of packaging; (4) the presence, or
lack thereof, of drug paraphernalia for either use or sale; (5) the accused’s
possession of large amounts of cash; and (6) the accused’s status as a drug
user.  Williams v. State, 902 S.W.2d 505, 507 (Tex. App.—Houston [1st
Dist.] 1994, pet. ref'd).  Expert testimony by experienced law enforcement
officers may also be used to establish an accused’s intent to deliver.  See
Mack, 859 S.W.2d at 529.  An oral expression of intent is not required;
intent can be inferred from the acts, words, and conduct of the accused.  Patrick
v. State, 906 S.W.2d 481, 487 (Tex. Crim. App.1995).  

          Appellant was arrested in a “hot spot,” which was
known for robberies and narcotics transactions.  The police had seen appellant
participate in what appeared to be a drug transaction.  Officer Novak testified
that the amount of cocaine possessed by appellant—4.2 grams—was more than a
usable amount of narcotics that a person would possess for recreational use.  Appellant
was in possession of a large sum of cash, $1,225,  when arrested.  Officer
Novak testified that he also found the manner in which appellant’s cash was
folded to be indicative of someone involved in narcotics transactions.  Of the
$1,225 in cash, $500 had been separated, marked “$500,” and inserted inside the
larger amount of cash.  Officer Novak testified that this type of currency
separation is fairly common in narcotics transactions so that one could easily
identify smaller amounts of cash when carrying a larger amount.  Finally, no
drug paraphernalia for the use of cocaine was found in the vehicle or on
appellant’s person.  See Mack, 859 S.W.2d at 529 (finding that absence
of paraphernalia for smoking or using cocaine supports inference that accused
intended to deliver, rather than consume, contraband).  Viewing the evidence in
a light most favorable to the verdict, the evidence is sufficient to show
possession with intent to deliver cocaine.

          After reviewing
the evidence in the light most favorable to the verdict, we conclude that a
rational jury could have found, beyond a reasonable doubt, that appellant was
guilty of possession of a controlled substance, namely cocaine, with the intent
to deliver.

          We overrule appellant’s
first and second points of error.

II.  Factual Sufficiency

          In his third and fourth
points of error, appellant contends the evidence was factually insufficient to
support his conviction for possession of a controlled substance with the intent
to deliver.  

          In a
factual-sufficiency review, we view all the evidence, both for and against the
finding, in a neutral light and set aside the verdict only if the proof of
guilt is so obviously weak as to undermine confidence in the jury’s
determination, i.e., the verdict seems “clearly wrong and manifestly unjust,”
or the proof of guilt, although legally sufficient, is nevertheless against the
great weight and preponderance of the evidence.  Watson v. State, 204
S.W.3d 404, 414-15 (Tex. Crim. App. 2006).  We will reverse a jury’s verdict
only if the record clearly shows that a different result is required to prevent
a manifest injustice.  See id. at 416–17; see also Johnson v. State,
23 S.W.3d 1, 12 (Tex. Crim. App. 2000).  In conducting a factual-sufficiency
review, we must also discuss the evidence that, according to the appellant,
most undermines the jury’s verdict.  Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

          A jury is in
the best position to evaluate the credibility of witnesses, and we are required
to afford “due deference” to the jury’s determinations.  Marshall v. State,
210 S.W.3d 618, 625 (Tex. Crim. App. 2006).  The jury is free to accept or to
reject any or all of the evidence presented by either side.  See Saxton v.
State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991).  Reconciling conflicting
testimony is within the exclusive province of the jury.  Goodman v. State,
66 S.W.3d 283, 287 (Tex. Crim. App. 2001); see Cleveland v. State, 177
S.W.3d 374, 380 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d). 

          A.  Possession
of a Controlled Substance

          In support of
his third point of error, appellant argues that the contraband was not in plain
view; there was no odor of contraband in the vehicle; there was no contraband
or paraphernalia on appellant’s person; appellant was not under the influence
of narcotics; appellant did not attempt to flee, indicate a consciousness of
guilt, or make any furtive gestures; the amount of contraband was not an
inordinate amount; appellant made no incriminating statements connecting
himself to the contraband; appellant had no special connection to the contraband;
and there were no fingerprints or DNA of appellant found on the contraband.  

          Although
these circumstances support appellant’s position, other facts point to his
guilt.  While conducting surveillance in a hot spot, Sergeant Richards saw what
he described as a narcotics transaction take place inside the Buick.  After
Officer Chaffin arrived in the parking lot, also in an unmarked vehicle, both
Richards and Chaffin saw a man get out of appellant’s car and sprint back
inside the apartment complex.  The officers described this behavior as a common
conclusion to a drug transaction. 

          Although
appellant was not the registered owner of the car, he was in sole possession of
the car at the time of the surveillance and the traffic stop.  The car was in
his aunt’s name, and appellant stated that he was the owner of the Buick when
interviewed by the Harris County Pre-Trial Services Department.  Appellant was
the only adult inside of the vehicle at the time of his arrest.  The contraband
was hidden in a compartment underneath the dashboard, which was easily
accessible to the driver.  The gap in the dashboard, under which the cocaine
was hidden, was clearly visible to the driver.   Moreover, appellant had
$1,255.00 dollars in his pocket, with five hundred dollars folded and marked
separately. 

          Viewing
the evidence neutrally, we conclude that the evidence is not so obviously weak
such that the verdict is clearly wrong and manifestly unjust, nor was the
contradictory evidence so strong that the standard of proof beyond a reasonable
doubt could not have been met.  Accordingly, we hold that the evidence is
factually sufficient to establish that appellant knowingly possessed the
cocaine. 

B.  Intent to Deliver

          To
support appellant’s fourth point of error, he
specifically relies on the amount of cocaine recovered (4.2 grams), the
manner of packaging, the lack of items used in drug sales or transactions, the
area and location in which appellant was arrested, the lack of weapons in the
vehicle, the lack of evidence as to appellant’s drug use, and the lack of
evasive maneuvers exhibited by appellant upon detention and arrest.  

          Other
evidence, however, points to appellant’s guilt for intent to deliver cocaine.
Sergeant Richards testified that appellant’s observed activities were very
consistent with those associated with a narcotics transaction.  Officer Chaffin
testified that the amount of narcotics indicated that it was more than a
usable, recreational amount.  Appellant was carrying a large amount of cash
when arrested.  Finally, Sergeant Richards testified that the lack of drug
paraphernalia found in the vehicle is consistent for narcotics dealers, not
users. 

          After neutrally
examining all the evidence, we conclude that the proof of guilt was not so
obviously weak as to undermine confidence in the jury’s determination, nor was
the contradictory evidence so strong that the standard of proof beyond a
reasonable doubt could not have been met, that appellant intended to deliver
the cocaine.

          We overrule appellant’s
third and fourth points of error.

CONCLUSION

          We affirm the judgment of the trial
court.

 

                                                                   Sherry
Radack

                                                                   Chief
Justice

 

Panel consists of
Chief Justice Radack and Justices Alcala and Bland.

 

Do not publish.  See
Tex. R. App. P. 47.2(b).    

          









[1]           See Tex.  Health & Safety
Code Ann. § 481.112(a), (d) (Vernon
2003).





[2]           Although the
necessary connection between the accused and the contraband was once referred
to as an “affirmative link,” we now simply refer to it as a “link.”  See
Evans v. State, 202 S.W.3d 158, 161 n.9 (Tex. Crim. App. 2006).





[3]           This rule
serves to protect the innocent bystander from conviction based solely upon his
fortuitous proximity to someone else’s drugs; it restates the common-sense
notion that even if a person jointly possesses property, such as a house or a
car, he may not necessarily jointly possess contraband found in that house or
car.  Robinson v. State, 174 S.W.3d 320, 325 n.2 (Tex. App.—Houston [1st Dist.] 2005, pet. ref’d) (citing Poindexter v. State, 153 S.W.3d 402,
406 (Tex. Crim. App. 2005)).