COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-434-CR

 

 

RUDY ABELINO BANDA                                                        APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 78TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

                                              ------------

                                          I.  INTRODUCTION

Appellant Rudy Abelino Banda appeals his
conviction for possession of a controlled substance, cocaine (200B400
grams), with intent to deliver.[2]  In one point, Banda argues that the evidence
is legally and factually insufficient to sustain his conviction.  We will affirm.








                          II.  FACTUAL AND PROCEDURAL BACKGROUND

Officers from the Wichita Falls Police Department
executed a search warrant to search for 
narcotics in Banda=s residence.  Banda, his wife, and his small child were
sleeping in their bedroom when police entered the home.  Police found cocaine inside a locked safe in
the bedroom.  Banda informed the officers
that the key to the safe Awas inside his hat,@ which
was located on the nightstand by his bed. 
In addition to the cocaine, the safe contained over $10,000 in
cash.  Police found cocaine and marijuana
in five separate locations of Banda=s
residence and ultimately seized 77.75 pounds of marijuana, 271.11 grams of
cocaine, envelopes containing $10,951 in cash, including one envelope marked
with hand-written dollar amount notations, a calendar from the kitchen marked
with hand-written dollar amount notations corresponding to the notations on the
envelope, and four digital scales.

Police arrested Banda.  During questioning, Banda told the police
that he had allowed a friend, Carlos Torres, to store the marijuana and cocaine
at his house as a favor. 








A jury convicted Banda of both counts contained
in the indictment, assessed his punishment at twenty-five years=
confinement for the first count (possession of cocaine with intent to deliver)
and ten years= confinement for the second
count (possession of marijuana), and recommended that the trial court suspend
punishment of the sentence for the second count and place him on community
supervision.  The trial court sentenced
him accordingly.

                                III. 
Standards of Review

                                      A.  Legal Sufficiency

In reviewing the legal sufficiency of the
evidence to support a conviction, we view all of the evidence in the light most
favorable to the prosecution in order to determine whether any rational trier
of fact could have found the essential elements of the crime beyond a
reasonable doubt.  Jackson v. Virginia,
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v. State, 235
S.W.3d 772, 778 (Tex. Crim. App. 2007).








This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts.  Jackson, 443 U.S.
at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778.  The trier of fact is the sole judge of the
weight and credibility of the evidence.  See
Tex. Code Crim. Proc. Ann. art. 38.04 (Vernon 1979); Brown v. State, 270
S.W.3d 564, 568 (Tex. Crim. App. 2008), cert. denied, 129 S. Ct. 2075
(2009).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the factfinder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  Instead, we Adetermine
whether the necessary inferences are reasonable based upon the combined and
cumulative force of all the evidence when viewed in the light most favorable to
the verdict.@ 
Hooper v. State, 214 S.W.3d 9, 16B17 (Tex.
Crim. App. 2007).  We must presume that
the factfinder resolved any conflicting inferences in favor of the prosecution
and defer to that resolution.  Jackson,
443 U.S. at 326, 99 S. Ct. at 2793; Clayton, 235 S.W.3d at 778.

                                     B.  Factual Sufficiency








When reviewing the factual sufficiency of the
evidence to support a conviction, we view all the evidence in a neutral light,
favoring neither party.  Neal v.
State, 256 S.W.3d 264, 275 (Tex. Crim. App. 2008), cert. denied, 129
S. Ct. 1037 (2009); Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim.
App. 2006).  We then ask whether the
evidence supporting the conviction, although legally sufficient, is nevertheless
so weak that the factfinder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
factfinder=s determination is manifestly
unjust.  Lancon v. State, 253
S.W.3d 699, 704 (Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15,
417.  To reverse under the second ground,
we must determine, with some objective basis in the record, that the great
weight and preponderance of all the evidence, though legally sufficient,
contradicts the verdict.  Watson,
204 S.W.3d at 417.

In determining whether the evidence is factually
insufficient to support a conviction that is nevertheless supported by legally
sufficient evidence, it is not enough that this court Aharbor a
subjective level of reasonable doubt to overturn [the] conviction.@  Id. 
We cannot conclude that a conviction is clearly wrong or manifestly
unjust simply because we would have decided differently than the jury or
because we disagree with the jury=s
resolution of a conflict in the evidence. 
Id.  We may not simply
substitute our judgment for the factfinder=s.  Johnson v. State, 23 S.W.3d 1, 12
(Tex. Crim. App. 2000); Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim.
App. 1997).  Unless the record clearly
reveals that a different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@  Johnson, 23 S.W.3d at 8.  Thus, unless we conclude that it is necessary
to correct manifest injustice, we must give due deference to the factfinder=s
determinations, Aparticularly those
determinations concerning the weight and credibility of the evidence.@  Id. at 9.  Our deference in this regard safeguards the
defendant=s right to a trial by jury.  Lancon, 253 S.W.3d at 704.








                           IV.
 Sufficiency of the Evidence

In his sole point, Banda argues that the evidence
is legally and factually insufficient to convict him of possession of a
controlled substanceCcocaineCwith
intent to deliver.  Banda challenges only
the intent-to-deliver element of the offense, contending that no credible
direct evidence exists showing that he had any intent to deliver the cocaine. 

                                  A.  Law on Intent to Deliver

To establish an intent to deliver, the State must
prove that the accused intended to transfer, actually or constructively, a
controlled substance to another.  Tex.
Health & Safety Code Ann. '
481.002(8) (Vernon Supp. 2008), '
481.112(a) (Vernon 2003).  Intent to
deliver may be proved by circumstantial evidence.  Jordan v. State, 139 S.W.3d 723, 726
(Tex. App.CFort Worth 2004, no pet.)
(citing Rhodes v. State, 913 S.W.2d 242, 251 (Tex. App.CFort
Worth 1995), aff=d, 945
S.W.2d 115 (Tex. Crim. App.), cert. denied, 522 U.S. 894 (1997)).  Additionally, intent to deliver may be
inferred from the quantity of drugs possessed and from the manner in which they
were packaged.  Rhodes, 913 S.W.2d
at 251.  Expert testimony may be
introduced to prove intent to deliver.  Jordan,
139 S.W.3d at 726.








Courts use several factors when determining
intent to deliver, including the following: 
(1) the nature of the location where the defendant was arrested; (2) the
quantity of drugs the defendant possessed; (3) the manner of packaging the drugs;
(4) the presence or absence of drug paraphernalia for either use or sale; (5)
the defendant=s possession of large amounts of
cash; and (6) the defendant=s status
as a drug user.  Id.; see also
Brown v. State, No. 02B04B00564BCR, 2006
WL 412466, at *3 (Tex. App.CFort
Worth Feb. 23, 2006, no pet.) (mem. op., not designated for publication)
(applying AJordan factors@ in
legal and factual sufficiency analysis).

                                   B.  Law on Law of Parties








Under the law of parties, a person is criminally
responsible for the conduct of another if, acting with intent to promote or
assist the commission of the offense, he solicits, encourages, directs, aids,
or attempts to aid the other person to commit the offense.  Tex. Pen. Code Ann. '
7.02(a)(2) (Vernon 2003).  The evidence
must show that, at the time of the offense, the parties were acting together,
each contributing some part toward the execution of their common purpose.  Ransom v. State, 920 S.W.2d 288, 302
(Tex. Crim. App. 1994).  In determining
whether a defendant participated in an offense as a party, the factfinder may
examine the events occurring before, during, and after the commission of the
offense and may rely on actions of the defendant that show an understanding and
common design to commit the offense.  Id.  The accused's mere presence at a location at
which narcotics are also present and over which he does not exercise sole
control does not necessarily establish possession; rather, some evidence must
also affirmatively link him to the contraband. 
McGoldrick v. State, 682 S.W.2d 573, 578 (Tex. Crim. App. 1985).

                                C.  Legally Sufficient Evidence








Viewing the evidence in the light most favorable
to the verdict, the record demonstrates that the following evidence was
introduced at trial relevant to the issue of intent to deliver.  See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2793; Clayton, 235 S.W.3d at 778. 
Regarding the nature of the area where the defendant was arrested,
although no evidence exists that Banda lives in a high crime area, Banda told
police that he lives in a bad neighborhood. 
Concerning the quantity of the drugs, Banda does not dispute that he had
possession of 77.75 pounds of marijuana and 271.11 grams of cocaine.  Officer Folmar, testified that the amount of
cocaine found in the safe was Aan
extremely large amount, much more than just the typical user=s amount
of cocaine.@ 
Officer Folmar also stated that the cocaine marked as State=s
Exhibit 4 was Ain a smaller plastic baggy,
which indicated to me that it was intended for resale.@  Regarding drug paraphernalia found in the
residence, police seized four digital scales and found hand-written notations
indicating drug activity on an envelope containing cash and on a calendar.  Officer Folmar testified that the dollar
amount notations on the envelope and calendar, which ranged from $3,000 to
$5,000, were significant because people who sell narcotics generally keep track
of how much money they are making in profit. 
Cash in the amount of $10,951 was located in envelopes in the same safe
that contained the cocaine.  Relating to
Banda=s status
as a drug user, he admitted that he has been buying marijuana from Torres for
at least two years.

Banda contends that the Aonly
evidence@
concerning the intent-to-deliver element of the offense was Officer Folmar=s
speculative testimony that the cocaine was for sale or resale.  But in addition to Officer Folmar=s
testimony, evidence was presented at trial regarding the large amount of
cocaine found in Banda=s home and the manner in which
it was packaged.  From this evidence the
jury could have inferred an intent to deliver the cocaine.  See Jordan, 139 S.W.3d at 726; Rhodes,
913 S.W.2d at 251.








Viewing the evidence in the light most favorable
to the jury=s verdict, we hold that a
rational trier of fact could have found that the evidence at trial was
sufficient to establish beyond a reasonable doubt that Banda, acting as a
principal, possessed the intent to deliver. 
See Tex. Health & Safety Code Ann. ''
481.002(8), .112(a); Jackson, 443 U.S. at 326, 99 S. Ct. at 2793; Clayton,
235 S.W.3d at 778; see also Robinson v. State, 174 S.W.3d 320, 331 (Tex.
App.CHouston
[1st Dist.] 2005, pet. ref=d)
(holding evidence legally sufficient to support possession with intent to
deliver as a principal actor or a party). 
Accordingly, we hold that the evidence is legally sufficient to support
Banda=s
conviction.

                               D.  Factually Sufficient Evidence








Banda also argues in his sole point that the
evidence is factually insufficient to support his conviction because the
evidence shows that he was holding the contraband for Torres and that he Ahad no
knowledge@ of the illicit nature of what
he was storing.  But the trial court=s charge
to the jury contained an instruction on the law of parties.  Under the law of parties, the jury was
authorized to find Banda responsible for the actions of Torres if Banda, with
the intent to promote or assist the commission of the offense, solicited,
encouraged, aided, or attempted to aid Torres to commit the offense.  See Tex. Penal Code Ann. '
7.02(a)(2); see also Ortiz v. State, No. 01-05-00500-CR, 2006 WL
1549758, at *5 (Tex. App.CHouston [1st Dist.] June 8,
2006, pet. ref=d) (discussing how appellant
could have been found guilty of possession of 400 grams or more of a controlled
substance with intent to deliver even if the cocaine was solely controlled by
two other people because appellant=s having
acted as the Amiddleman@
assisted the other two people in the commission of the offense), cert.
denied, 549 U.S. 1285 (2007).  Banda
told police that he had been storing the cocaine and marijuana for Torres for
three to four months and that Torres would stop by and pick up whatever he
needed.  Thus, although Banda testified
at trial he did not know that Torres was storing cocaine at his house, the
evidence is factually sufficient to support Banda=s
conviction simply under the law of parties. 
See Tex. Penal Code Ann. '
7.02(a)(2).

Banda possessed 271.11 grams of cocaine, $10,951 in
cash, and four digital weight scales, and he admitted buying marijuana.  Applying the Jordan intent-to-deliver
factors to the present case, the evidence supports the jury=s
determination that Banda intended to deliver the cocaine or acted with intent
to promote or assist in the delivery of the cocaine.  See Jordan, 139 S.W.3d at 726; see
also Salazar v. State, 95 S.W.3d 501, 504B05 (Tex.
App.CHouston
[1st Dist.] 2002, pet. ref=d)
(holding evidence legally sufficient to support conviction for possession with
intent to deliver under law of parties); Brown, 2006 WL 412466, at *3
(holding that factually sufficient evidence of intent to deliver existed when
defendant possessed 6.9 grams of cocaine and $399 in cash despite absence of
evidence of drug paraphernalia, weight scales, or defendant=s drug
usage).








We have thoroughly reviewed the evidence in a
neutral light, and we find no objective basis in the record for holding that
the jury=s
verdict was clearly wrong or manifestly unjust or that it is contradicted by
the great weight and preponderance of the evidence.  See Lancon, 253 S.W.3d at 704; Watson,
204 S.W.3d at 414B15, 417.  Rather, the evidence presented at trial was
sufficient to support the jury=s
verdict, and no contrary evidence exists that would render the evidence
factually insufficient under the applicable standard of review.  See Lancon, 253 S.W.3d at 704; Watson,
204 S.W.3d at 414B15, 417.  Accordingly, having held that the evidence is
legally and factually sufficient to support Banda=s
conviction, we overrule his sole point.

                                        V.
 Conclusion

Having overruled Banda=s sole
point, we affirm the trial court=s
judgment.

 

PER
CURIAM

 

PANEL: WALKER, DAUPHINOT,
and GARDNER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED: July 23, 2009











[1]See Tex. R. App. P. 47.4.





[2]Banda was also convicted
of possession of marijuana (50B2,000 pounds) in a drug-free zone, but he does
not appeal his conviction on this count.